**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **RODRIGO MIRANDA DE AMORIM,**<br>*Petitioner,*<br>v.<br>**CHRISTOPHER WESLING, et al.**<br>*Respondents.* | ) | **Case No.: 1:26-cv-13856-AK** |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA)**

Petitioner Rodrigo Miranda de Amorim respectfully submits this Memorandum of Law in support of his Motion for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

The EAJA provides that a prevailing party in a civil action against the United States is entitled to recover reasonable attorney's fees and expenses unless the Government demonstrates that its position was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Petitioner satisfies these requirements. On August 26, 2026, this Court granted his Petition for Writ of Habeas Corpus, determined that he was detained under the discretionary framework of

8 U.S.C. § 1226(a), held that his detention without a bond hearing was unlawful, and ordered Respondents to provide him with a bond hearing within ten calendar days. Dkt. 11. The Court also enjoined Respondents from denying Petitioner bond on the ground that he was detained under 8 U.S.C. § 1225(b)(2).

Following additional proceedings necessary to implement the Court's Order, Petitioner was granted bond on September 9, 2026. The requested attorney's fees reflect only the reasonable time necessarily expended in investigating and litigating this emergency habeas action, obtaining the relief granted by the Court, monitoring compliance with the Court's Order, securing implementation of the ordered bond proceedings, and preparing the present EAJA application.

**I. PETITIONER IS A PREVAILING PARTY UNDER THE EAJA**

A litigant prevails for purposes of the EAJA when the litigant obtains court-ordered relief that materially alters the legal relationship between the parties. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993); *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 604–05 (2001).

Petitioner unquestionably satisfies that standard. Before this action was filed, Petitioner remained detained without access to an individualized bond hearing under 8 U.S.C. § 1226(a). He was required to commence an emergency habeas action to obtain recognition of the statutory framework governing his detention and the opportunity for a custody determination.

On August 26, 2026, the Court granted Petitioner's habeas petition. Dkt. 11. The Court expressly determined that Petitioner was subject to § 1226(a), held that his detention without a bond hearing was unlawful, and ordered Respondents to provide a bond hearing within ten

calendar days. The Court further enjoined Respondents from denying Petitioner bond on the basis that he was detained under § 1225(b)(2).

The Court's Order materially altered the parties' legal relationship by imposing a binding and judicially enforceable obligation upon Respondents. The relief was neither voluntary nor incidental. It resulted directly from judicial intervention and the Court's determination that Petitioner's detention without a bond hearing was unlawful.

The fact that Respondents ultimately did not oppose entry of an order requiring a bond hearing does not alter Petitioner's prevailing-party status. Petitioner obtained relief through an enforceable judicial order granting his habeas petition—not through a voluntary change in the Government's conduct that lacked judicial sanction.

The bond hearing was held on September 3, 2026. When no custody determination was issued within the forty-eight hours announced by the Immigration Judge or within the ten-calendar-day period imposed by this Court, Petitioner filed a Status Report and Emergency Request for Immediate Release. Dkt. 12. On September 9, 2026, Respondents informed the Court that Petitioner had been granted bond. Dkt. 13.

Petitioner therefore obtained precisely the type of judicially sanctioned relief necessary to qualify as a prevailing party under 28 U.S.C. § 2412(d).

**II. THE GOVERNMENT'S POSITION WAS NOT SUBSTANTIALLY JUSTIFIED**

Under the EAJA, the Government bears the burden of demonstrating that its position was substantially justified. *Healey v. Leavitt*, 485 F.3d 63, 67 (1st Cir. 2007). A position is substantially justified only when it has a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988).

The "position of the United States" includes both the underlying governmental action giving rise to the litigation and the Government's litigation position defending that action. 28 U.S.C. § 2412(d)(2)(D). The Court must therefore evaluate the Government's position as a whole, rather than focusing exclusively upon a concession or argument made after litigation commenced.

Before Petitioner filed this action, Respondents detained him without providing an individualized bond hearing under § 1226(a). Judicial intervention was necessary to establish the governing statutory framework and compel the process to which Petitioner was entitled. The Court expressly held that Petitioner's detention without a bond hearing was unlawful. Dkt. 11.

Respondents subsequently informed the Court that Petitioner was eligible for a bond hearing under § 1226(a) and that they did not oppose an order requiring such a hearing. That concession did not cure the unlawful detention that required Petitioner to commence this action. Nor did it provide Petitioner with the requested process absent an enforceable judicial order.

If the Government's position had been reasonably implemented before litigation, Petitioner would not have been required to file an emergency habeas petition and seek immediate injunctive relief merely to obtain a bond hearing that Respondents ultimately acknowledged he was entitled to receive.

The Court did not merely memorialize voluntary relief that had already been provided. It granted the habeas petition, held Petitioner's detention without a bond hearing unlawful, imposed a ten-calendar-day deadline, enjoined reliance on § 1225(b)(2) as a basis for denying bond, and required the parties to report the result of the custody proceedings. These measures were necessary because Petitioner remained detained without access to the required custody determination.

The need for judicial involvement continued after the August 26 Order. Although the bond hearing was convened on September 3, the Immigration Judge did not issue a decision at the hearing and stated that a determination would issue within forty-eight hours. That period expired without a ruling. Petitioner remained detained after both the announced forty-eight-hour period and the ten-calendar-day deadline established by this Court.

Counsel was therefore required to monitor the EOIR record, investigate the absence of a custody determination, and file a Status Report and Emergency Request for Immediate Release on September 8, 2026. Dkt. 12. Respondents reported the following day that Petitioner had been granted bond. Dkt. 13.

The Government may not establish substantial justification merely by pointing to its eventual concession after Petitioner initiated litigation. The relevant inquiry encompasses the underlying agency conduct that forced Petitioner to seek habeas relief and the additional proceedings required to implement the Court's Order.

Viewed as a whole, the Government's position lacked a reasonable basis in law and fact. Petitioner was detained without a bond hearing to which the Government ultimately acknowledged he was entitled, and judicial intervention was required before he obtained that process and the resulting bond determination. Accordingly, the Government's position was not substantially justified within the meaning of 28 U.S.C. § 2412(d)(1)(A).

## III. THE FEES REQUESTED ARE REASONABLE UNDER THE EAJA

Petitioner seeks compensation only for attorney and paralegal time reasonably and necessarily expended litigating this habeas action and obtaining and implementing the relief awarded by the Court.

Counsel reviewed Petitioner's immigration and detention history; prepared and filed the Petition for Writ of Habeas Corpus; prepared the Emergency Motion for Temporary Restraining Order and request for release; researched the statutory authority governing Petitioner's detention, constitutional due process protections, and emergency habeas relief; reviewed Respondents' submission; analyzed the Court's August 26 Order; prepared for and participated in the court-ordered bond proceedings; monitored compliance with the Court's deadlines; prepared Petitioner's Status Report and Emergency Request for Immediate Release; reviewed Respondents' Status Report and the bond determination; reviewed the Court's September 10 Order; prepared Petitioner's Notice of Intent to Seek EAJA Fees; communicated regarding material developments; and prepared the present EAJA application.

Although the litigation proceeded over a relatively short period, it involved the ongoing physical detention of Petitioner and required emergency work within compressed deadlines. Counsel was required to investigate the circumstances of detention, research evolving federal immigration law, prepare emergency pleadings, analyze the Government's position, monitor implementation of the relief, and address the delayed custody determination promptly.

All work arose from a common core of facts and was directed toward a single objective: obtaining an individualized bond hearing under the correct statutory framework and ensuring that the judicial relief ordered by this Court was meaningfully implemented. The requested hours should therefore be evaluated in relation to the overall relief obtained rather than divided artificially among the different stages of the proceeding. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

**A. The Work Associated With Implementing the Court-Ordered Bond Proceedings Is Compensable**

The attorney time associated with the bond proceedings and post-order compliance was directly connected to the relief granted in this habeas action. The Court ordered Respondents to provide Petitioner with a bond hearing within ten calendar days and required the parties to report whether bond was granted and, if denied, the reasons for that denial.

Counsel's preparation for the bond hearing, participation in the proceeding, monitoring of the delayed decision, and reporting to this Court were necessary to implement the relief ordered in Dkt. 11. Those services were not unrelated administrative representation; they were performed to give effect to the judicial relief obtained in this case.

Attorney work performed in administrative proceedings may be compensable when those proceedings are intimately connected to the judicial action and necessary to secure the results contemplated by the court's order. *See Sullivan v. Hudson*, 490 U.S. 877, 888–92 (1989). Here, the bond proceeding was expressly mandated by this Court, subject to a specific deadline, and followed by a court-ordered reporting requirement.

Accordingly, the reasonable time devoted to implementing and monitoring the court-ordered bond process is compensable under the EAJA.

**B. The Hours Requested Are Reasonable**

Counsel expended 23.5 attorney hours reasonably litigating this matter. Paralegal staff expended 4.0 hours performing compensable litigation-support services.

The Itemized Billing Statement attached as Exhibit A identifies the dates, services performed, time expended, requested rates, and corresponding amounts. The billing records are supported by the Declaration of Clarissa M. Kalil, Esq., attached as Exhibit B.

The requested time includes work reasonably devoted to investigation, emergency pleadings, legal research, review of Respondents' submission, review and implementation of the Court's Order, preparation for and participation in the ordered bond proceedings, post-order monitoring, the filing concerning the delayed custody determination, and preparation of the EAJA application.

Counsel exercised billing judgment and excluded excessive, redundant, clerical, administrative, and otherwise unnecessary time. The requested hours reflect only the work reasonably expended in connection with this litigation and the implementation of the relief ordered by the Court.

**C. The Requested Rates Are Reasonable**

Petitioner seeks compensation for attorney services at the hourly rate of $300.00 and paralegal services at the hourly rate of $150.00.

The EAJA establishes a statutory base rate of $125.00 per hour but authorizes an enhanced rate when justified by an increase in the cost of living or another circumstance authorized by 28 U.S.C. § 2412(d)(2)(A).

The requested attorney rate reflects the increase in the cost of living since the statutory rate was established, counsel's experience litigating complex federal immigration matters, the specialized nature of the statutory and constitutional issues presented, the emergency circumstances, and the level of skill required to obtain relief within compressed deadlines. Additional support for the requested rate is provided in the Declaration of Clarissa M. Kalil, Esq.

The requested paralegal rate is reasonable and consistent with prevailing market rates for comparable litigation-support services. Paralegal services are compensable under the EAJA at prevailing market rates. *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

The requested award is calculated as follows:

Attorney fees: 23.5 hours × $300.00 per hour = $7,050.00.

Paralegal fees: 4.0 hours × $150.00 per hour = $600.00.

Total EAJA fee request: $7,650.00.

**D. Time Spent Preparing the EAJA Application Is Compensable**

The requested attorney hours include 2.5 hours reasonably devoted to preparing the present EAJA application, including the Motion for Attorney's Fees, this Memorandum of Law, the Declaration of Clarissa M. Kalil, Esq., the Assignment of EAJA Fees, the Proposed Order, the Itemized Billing Statement, and the supporting exhibits.

Reasonable time expended establishing entitlement to attorney's fees under the EAJA is compensable. *Commissioner, INS v. Jean*, 496 U.S. 154, 162–66 (1990).

Petitioner also satisfies the financial eligibility requirements of 28 U.S.C. § 2412(d)(2)(B). His net worth did not exceed $2,000,000 when this action was filed.

**IV. ASSIGNMENT AND PAYMENT OF THE EAJA AWARD**

Petitioner has executed an Assignment of Equal Access to Justice Act Fees assigning any fee award to undersigned counsel. The executed Assignment is attached as Exhibit C.

Under *Astrue v. Ratliff*, 560 U.S. 586, 589–93 (2010), an EAJA award is payable initially to the prevailing litigant and may be subject to administrative offset for qualifying federal debts.

Accordingly, subject to any applicable administrative offset, Petitioner respectfully requests that any remaining EAJA award be paid directly to Clarissa M. Kalil, Esq., pursuant to the executed Assignment.

**V. CONCLUSION**

For the foregoing reasons, Petitioner Rodrigo Miranda de Amorim respectfully requests that the Court grant his Motion for Attorney's Fees and Expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and award attorney and paralegal fees in the total amount of **$7,650.00**, representing **23.5 attorney hours at $300.00 per hour** and **4.0 paralegal hours at $150.00 per hour**.

Petitioner further requests that, pursuant to the Assignment of EAJA Fees attached as Exhibit C and subject to any applicable administrative offset under *Astrue v. Ratliff*, any remaining award be paid directly to Clarissa M. Kalil, Esq.

Petitioner also requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on this date, I electronically filed the foregoing Memorandum of Law in Support of Petitioner's Motion for Attorney's Fees Under the Equal Access to Justice Act, together with all accompanying exhibits, using the CM/ECF system of the United States District Court for the District of Massachusetts. The CM/ECF system automatically serves all registered counsel of record in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and the applicable Local Rules of the United States District Court for the District of Massachusetts. No further service is required.

Dated: October 1st, 2026

Respectfully submitted,

Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MO Bar# 71440
MA Bar# 714777
*Counsel for Petitioner*